IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RUTH ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | )   Case No. 07-MC-18-TCK-FHM |
| | ) |
| **PIONEER LIFE INSURANCE** | ) |
| **COMPANY; and WASHINGTON** | ) |
| **NATIONAL INSURANCE COMPANY,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court are the Objection of Defendants Pioneer Life Insurance Company and Washington Nation [sic] Insurance Company to Magistrate Judge's September 21, 2007 Order on Defendants [sic] Motion for a Protective Order (Doc. 23) and Non-Party Conseco Senior's Objection to Magistrate Judge's September 21, 2007 Order (Doc. 24). Magistrate Judge Frank H. McCarthy's September 21, 2007 Order (Doc. 22) granted in part and denied in part Conseco Senior's Motion to Quash Subpoena ("Motion to Quash") and Defendants' Motion for a Protective Order Barring Plaintiff, and her Attorneys, from Proceeding on, and/or Obtaining any Documents Pursuant to, a Subpoena for Documents Issued to a Third Party ("Motion for Protective Order") (Docs. 1 and 2).

**I.     Factual Background**

The above-titled action, *Ruth Ross v. Pioneer Life Insurance Company and Washington National Insurance Company*, Case No. 07-MC-18-TCK-FHM, is a miscellaneous case (the "Miscellaneous Case") that was filed in the Northern District of Oklahoma for the sole purpose of challenging a subpoena issued by this district on June 26, 2007 (the "Subpoena"). The Miscellaneous Case was randomly assigned to the undersigned and to Magistrate McCarthy. The

underlying lawsuit, *Ruth Ross v. Pioneer Life Insurance Company and Washington National Insurance Company*, Case No. CV-06-7081 (the "*Ross* action"), is pending in the United States District Court for the Central District of California. The Subpoena was issued to the Custodian of Records of Atkinson, Haskins, Nellis, Phipps, Brittingham & Gladd ("Atkinson, Haskins"), a law firm located in Tulsa, Oklahoma. The Subpoena sought four items of discovery: (1) any and all pleadings, motions and documents filed with the Court in that certain action entitled *Willig v. Conseco Senior Health Insurance Company*, Civil Action No. 04-CV-923 TCK-FHM (the "*Willig* action"); (2) any and all transcripts of depositions or court proceedings transcribed in the *Willig* action; (3) any and all expert reports received or produced in the *Willig* action; and (4) any and all discovery requests, discovery responses and documents produced by the defendants in response to discovery requests in the *Willig* action. Atkinson, Haskins represented the plaintiff in the *Willig* action, which was a lawsuit filed in the Northern District of Oklahoma that was pending before the undersigned from December 10, 2004 to February 16, 2007, at which time the parties filed a Stipulation of Dismissal with Prejudice.

On July 11, 2007, Conseco Senior, the defendant in the *Willig* action, instigated the Miscellaneous Case and moved to quash the Subpoena on grounds that "the gravamen of the documents sought by the Subpoena are the subject of a confidentiality provision contained in the Release and Settlement Agreement ("Settlement Agreement") entered into by the parties to the *Willig* action." The Settlement Agreement provides in relevant part:

> 14. . . . Confidential information that shall not be disclosed includes, but is not limited to, the amount of the payment recited herein; the basis on which said payments are computed; the terms of this Release and Settlement Agreement; and the information contained within any document designated as CONFIDENTIAL by

> Conseco Senior pursuant to the Protective Order entered in the Lawsuit.[1] Confidential information shall not be disclosed, revealed or divulged to any person, . . . or to any entity whatsoever, with the following exceptions; (a) to governmental taxing authorities, (b) to the parties' legal counsel, (c) when required by order of a court of competent jurisdiction or otherwise compelled by law, (d) to the probate court having jurisdiction over the estate of Rhodes K. Scherer, or (e) with prior written consent of all parties. The promises of confidentiality as provided in paragraph 15 are material inducements to the parties to enter into this Release and Settlement Agreement and are of the essence of this Release and Settlement Agreement . . . . .

(Mot. to Quash 2.)

Two days later, on July 13, 2007, Defendants filed their Motion for Protective Order, which moved the Court for a protective order barring Plaintiff and her attorneys from proceeding on the Subpoena. In support of this motion, Defendants argued that the documents sought by the Subpoena had no relevance to the claims or defenses involved in the *Ross* action, and that Plaintiff should accordingly be barred from proceeding on the Subpoena. (*See* Mot. for Protective Order 2.)

The Motion to Quash and Motion for Protective Order were referred to Magistrate McCarthy, who held a hearing on these matters on September 19, 2007. Thereafter, on September 21, 2007, Magistrate McCarthy issued an order, granting in part and denying in part both the Motion to Quash and the Motion for Protective Order. With regard to Defendants' Motion for Protective Order, wherein Defendants argued that the documents sought by the Subpoena had no relevance to the *Ross* action, Magistrate McCarthy held that Plaintiff made a sufficient showing to permit discovery of documents and information produced in the *Willig* action, but that the Subpoena should be modified to require the production of only those documents that related to claims handling.

---

[1] The Court will hereinafter refer to this Protective Agreement as the "*Willig* Protective Order."

With regard to Conseco Senior's Motion to Quash, Magistrate McCarthy found that the documents sought by the Subpoena were not exempt from discovery because of the *Willig* Protective Order. Judge McCarthy balanced the "interest in promoting efficiency in the discovery process through the entry of a protective order against the efficiency of avoiding dupliciation of discovery performed in another case," and found that the balance tipped in favor of avoiding duplication of discovery. (*Id.* 4-5.) In order to provide protection for Conseco Senior, however, Magistrate McCarthy ordered that the parties to the *Ross* case be subject to an appropriate protective order, which limits the use of the documents to that case. Conseco Senior and Defendants have now filed objections to the Magistrate's order, which are currently before the Court.

## II.     Standard of Review

As a threshold question, the Court must determine the proper standard of review under the Federal Magistrate's Act, 28 U.S.C. § 636. The answer turns on whether the Motion to Quash and Motion for Protective Order are dispositive under § 636(b)(1)(B) or nondispositive under § 636(b)(1)(A). If the motions are dispositive, as Defendants and Conseco Senior contend, then the Court must engage in de novo review of the Magistrate Judge's order. *See* Fed. R. Civ. P. 72(b). If, on the other hand, the motions are nondispositive, the Court may only modify the order to the extent that it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Plaintiff argues that "the matter before this Court is anything but 'dispositive' [because] the lawsuit actually devoted to the merits of [P]laintiff's claims against [Defendants] is pending in the Central District of California, and will not proceed to trial until sometime in 2008." (Pl.'s Resp. to Conseco Senior's Obj. 10.) Defendants and Conseco Senior argue that a de novo standard is appropriate because the rulings on the Motion to Quash and Motion for Protective Order effectively end the litigation before this Court.

The Court finds the Tenth Circuit's decision in *United Nuclear Corporation v. Cranford Insurance Company*, 905 F.2d 1424 (10th Cir. 1990), instructive in assessing the parties' arguments. Therein, plaintiff United Nuclear filed suit in the United States District Court for New Mexico ("district court") seeking a declaration of liability under various insurance policies issued by defendants ("underlying suit"). The case settled, the record was sealed, and a protective order was put in place, which prohibited the use or disclosure of all discovery materials. After the case was closed and settled, various parties intervened in the action before the district court ("intervenors"), seeking to modify the protective order and the order sealing the record so that they could access discovery in the underlying action. At the time the intervenors sought to modify the court's prior orders, these intervenors were involved in other suits against defendants, which were pending in various state and federal courts. Intervenors sought access to the discovery from the underlying action for use in their collateral litigation. The district court granted permissive intervention and modified its prior orders to allow the intervenors access to the discovery.

On appeal, the intervenors challenged the Tenth Circuit's jurisdiction, arguing that the district court's order, which allowed the intervenors access to discovery in the underlying suit, was interlocutory and not immediately appealable. The Tenth Circuit disagreed, however, and held that because "intervention here was solely for the purpose of seeking modification of the protective order," and "the underlying controversy had already been concluded," the orders at issue were appealable, either as "final orders" or "collateral orders." *United Nuclear*, 905 F.2d at 1427.[2]

---

[2] Although the Tenth Circuit's opinion in *United Nuclear* does not relate to whether the underlying motion before the district court was "dispositive," and instead focuses on whether the district court's order was "final," these two concepts are related, and the Tenth Circuit's reasoning is therefore instructive in this case. *See In re Oral Testimony of a Witness Subpoenaed Pursuant to Civil Investigative Demand No. 98-19*, 182 F.R.D. 196, 201 (E.D. Va. 1998) (noting that "the idea that an order . . . is final and appealable lends weight to the conclusion that the same motion is

Although the procedural posture of *United Nuclear* differs slightly from that of the instant case, the underlying premise is similar. In both cases, parties sought discovery in a settled case for use in ongoing, collateral litigation occurring in another jurisdiction. In finding that the district court's order, which permitted intervenors access to discovery, was appealable, the Tenth Circuit concentrated on the fact that the underlying litigation was over and that the sole purpose of the intervention–*i.e.* obtaining said discovery–was accomplished by the district court's order. The Tenth Circuit accordingly focused on the status of the case pending before the district court. Because the entire action before *that court* was complete, the district court's order was dispositive of the action. Notably lacking from the Tenth Circuit's analysis was any mention of the other pending actions brought by the intervenors against defendants. In other words, the existence of collateral litigation in other jurisdictions had no bearing on the Tenth Circuit's finding that the district court's order was final for purposes of appeal. Similarly, the existence of the *Ross* action in California has no bearing on the Court's analysis of whether the Motion to Quash and the Motion for Protective Order are "dispositive" of the miscellaneous case currently pending before the Court. Because these motions, similar to the district court's order in *United Nuclear*, dispose of the entire matter before *this Court*, the Court finds that these motions are "dispositive" for the purpose of determining the appropriate standard of review to apply.

---

dispositive"); *see also In re Admin. Subpoena Blue Cross Blue Shield of Mass., Inc.*, 400 F. Supp. 2d 386, 389 (D. Mass. 2005) (finding that motion to compel production of documents was entire proceeding before the court, holding that magistrate's decision on said motion was "dispositive" of litigation before court, and further stating that decision was subject to appellate review as a "final order").

The Court's finding is further buttressed by the rationale employed in those cases involving motions to quash administrative subpoenas, as cited by Conseco Senior and Defendants. As noted by one court, motions to enforce or quash an administrative subpoena are often considered to be "dispositive motions *where the matter involving the subpoena constitutes the entire case before the court.*" *In re Admin. Subpoena*, 400 F. Supp. 2d at 388-89 (emphasis added) (citing *inter alia Nat'l Labor Relations Bd. v. Frazier*, 966 F.2d 812, 817-18 (3d Cir. 1992) (stating that an NLRB subpoena is "like a motion to dismiss" because "once the court grants a motion to dismiss or compels compliance with a subpoena, the court disposes of the entire case before it") (finding de novo review appropriate when "[t]he magistrate judge's decision was not a pretrial determination of a motion collateral to the main proceeding before the district court, but a final decision which disposed entirely of the [parties'] business before the court"); *Aluminum Co. of Am., Badin Works v. U.S. Envtl. Prot. Agency*, 663 F.2d 499, 501 (4th Cir. 1981) (treating a motion to quash an EPA warrant as dispositive because the motion constituted the entire proceeding)). Because, as stated above, the issue of whether to quash the Subpoena constitutes the entire case before the Court, the Court finds it similarly appropriate to treat the Motion to Quash and Motion for Protective Order as dispositive.[3] The Court will accordingly review the Magistrate's decision de novo.

---

[3] Plaintiff attempts to distinguish the administrative subpoena line of cases by arguing "administrative subpoenas are treated differently than other subpoenas in that they are final, appealable orders." (Pl.'s Resp. to Conseco Senior's Obj. 11.) While the Court notes that this is indeed a correct statement, *see, e.g., In re Oral Testimony of a Witness*, 182 F.R.D. at 201, the Court does not find such treatment to render this line of cases completely inapplicable to the case at hand. Rather, it is understandable that administrative subpoenas are treated differently from those subpoenas that are issued within an ongoing case before a court. Actions to enforce or quash an administrative subpoena stand alone, while in the traditional subpoena context, there are claims and defenses which are also at issue before the court. *See generally Dole v. Local Union 375, Plumbers Int'l Union of Am., AFL-CIO*, 921 F.2d 969, 971 (9th Cir. 1990) (wherein Department of Labor commenced an action in the federal district court in Alaska for sole purpose of enforcing administrative subpoenas that were issued in a separate, administrative investigation). The current

**III.    Motion to Quash**

Conseco Senior first argues that the Magistrate erred in applying a "balancing approach," as articulated in *United Nuclear*, and instead should have quashed the subpoena pursuant to Federal Rule of Civil Procedure 45. Rule 45(c)(3)(A) states that a court "shall quash or modify [a] subpoena if it . . . requires the disclosure of privileged or other protected matter and no exception or waiver applies." According to Conseco Senior's position, the Subpoena should be quashed because it seeks "privileged or other protected matter" due to the *Willig* Protective Order. The Court agrees, however, with the Magistrate's finding that "the [*Willig*] Protective Order governed what use the parties and attorneys could make of the documents, [and] it did not make the documents themselves privileged." (Magistrate's Order 4.)

The Court also agrees with the Magistrate's reliance on the balancing test outlined in *United Nuclear*. Although, as noted above, *United Nuclear* differs procedurally in some respects from this case, the Court agrees with Plaintiff that *United Nuclear* is controlling authority in this Circuit for determining whether documents arguably under a protective order in one case should be produced when relevant in another, collateral matter. In *United Nuclear*, the Tenth Circuit stated that protective orders "make the discovery process in a particular case operate more efficiently [because] the assurance of confidentiality may encourage disclosures that otherwise would be resisted." *United Nuclear*, 905 F.2d at 1427. In this way, allowing collateral litigants access to discovery which is within the ambit of the protective order "tends to undermine the [protective] order's potential for more efficient discovery." *Id.* at 1427-28. However, the Tenth Circuit instructed that

---

case before the Court was opened for the *sole purpose* of quashing a subpoena, and there are no other claims, defenses, or matters pending in this case. The motions regarding the Subpoena in this case are thus similar to those motions seeking to enforce or quash an administrative subpoena.

there also exists a "countervailing efficiency consideration" – namely, "saving time and effort in the collateral case by avoiding duplicative discovery." *Id.* at 1428.  In striking a balance between these two considerations, the Tenth Circuit held that "[w]here an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification." *Id.*

In applying a de novo standard of review, the Court agrees with the Magistrate's application of this balancing test and finds that Conseco Senior has not shown that production of documents, which are relevant to the *Ross* action, will tangibly prejudice its substantial rights.  The Court is unpersuaded by Conseco Senior's argument that permitting discovery of the documents in the *Willig* action would "result in unraveling the *Willig* Settlement Agreement," as Conseco Senior has offered no evidence that could support such a conclusion. (Conseco Senior's Obj. 11.)  Plaintiff does not seek information regarding the *Willig* Settlement Agreement, but only factual information regarding the underlying case.  Further, Conseco Senior has not demonstrated that the documents sought by the Subpoena are subject to the *Willig* Protective Order.  Absent such a showing, Conseco Senior is hard pressed to allege that its interests are tangibly prejudiced by permitting the Subpoena. Finally, "any legitimate interest [Conseco Senior] ha[s] in continued secrecy as against the public at large can be accommodated by placing [Plaintiff] under the restriction on use and disclosure contained in the original [P]rotective [O]rder." *Id.*  For that reason, the Court therefore affirms Magistrate McCarthy's order that the parties to the *Ross* action shall be subject to a protective order limiting the use of the documents to that case.  The Court accordingly OVERRULES Conseco Senior's Objection to Magistrate Judge's September 21, 2007 Order (Doc. 24).

**IV.    Motion for Protective Order**

Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery may be obtained regarding any matter that is not privileged and is relevant to the claim or defense of any party. Defendants' Motion for Protective Order asserts that the Subpoena should be quashed because the information sought therein is irrelevant to the claims and defenses involved in the *Ross* action. Specifically, Defendants argue that Magistrate McCarthy erroneously relied on unsupported "assertions" by Plaintiff's counsel in finding that Plaintiff is entitled to documents "related to claim handling" from the *Willig* case. After reviewing the record before the Court de novo, the Court affirms the Magistrate's finding.

In maintaining the relevancy of the Subpoena, Plaintiff contends that her claims in the *Ross* action are similar to those asserted in *Willig*, that the cases cover the same general time frame, and that the same claims center appears to have handled the claims in both cases. Plaintiff specifically maintains that she received correspondence from Conseco Senior concerning the claim at issue in the *Ross* action and was directed to call a Conseco telephone number concerning the claim. Plaintiff has also demonstrated that two of the witnesses listed by Defendants in the *Ross* action as being involved in her claim were also listed as witnesses involved in the *Willig* claim. Because such information suggests that a single Conseco Senior claims center handles claims for the Conseco group of companies (of which Defendants are a part), the Court agrees with Magistrate McCarthy that the discovery in *Willig* which addresses the practices at said claims center may lead to the discovery of admissible evidence in the *Ross* action. The Court also agrees with the Magistrate's modification of the Subpoena, so that rather than require production of *all* documents in the *Willig* action, the Subpoena will require production of those documents, including depositions, expert reports, and financial information, which relate to claims handling. This modification of the Subpoena will ensure that the Subpoena only seeks those documents which are relevant to the *Ross*

action.

## V.     Conclusion

For the reasons stated here, the Court OVERRULES the Objection of Defendants to Magistrate Judge's September 21, 2007 Order on Defendants [sic] Motion for a Protective Order (Doc. 23) and Conseco Senior's Objection to Magistrate Judge's September 21, 2007 Order (Doc. 24). Conseco Senior's Motion to Quash (Doc. 1) and Defendant's Motion for Protective Order (Doc. 2) are accordingly GRANTED in part and DENIED in part, as outlined in the Magistrate's Order of September 21, 2007 (Doc. 22).

**ORDERED THIS 16th DAY OF November, 2007.**

*/s/ Terence Kern*
_____
**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**